IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

UNITED STATES OF AMERICA,

v.                                CRIMINAL NO. 4:12cr106

THOMAS LAMONT LEGALL,

   a/k/a Clarence Shamel Rahmeik Gatling

   and

ISAIAH JERMALE LEGALL,

   Defendants.

## ORDER GRANTING DEFENDANT'S MOTION TO RENEW MOTION TO SUPPRESS AND DENYING THE RENEWED MOTION TO SUPPRESS

This matter comes before the Court upon Thomas Lamont Legall's ("Defendant") Motion to Renew Original Motion to Suppress Based Upon the Effect of the Superseding Indictment ("Motion to Renew"). ECF No. 62. For the reasons set forth herein, the Court: (1) **GRANTS** Defendant's Motion to file a Renewed Motion to Suppress, ECF No. 62; and (2) **DENIES** Defendant's Renewed Motion to Suppress, ECF No. 62.

### I.    PROCEDURAL BACKGROUND

On November 14, 2012, Defendant was charged in a two-count Criminal Indictment with: (1) Conspiracy to Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 846; and (2) Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1). Defendant filed his Original Motion to Suppress on December 13, 2012. ECF No. 17. The Government filed its Response on December 25, 2012. ECF No. 18. On February 12, 2013, the Court held a hearing concerning Defendant's Original Motion to Suppress. Min.

1

Entry, ECF No. 22. The Court issued an Opinion and Order denying Defendant's Original Motion to Suppress on February 19, 2013. ECF No. 24.

That same day, the Court was advised that Defendant intended to enter a plea of guilty to the charges set forth in the Indictment. To that end, on February 19, 2013, the Court issued an Order authorizing a U.S. Magistrate Judge to conduct proceedings required by Rule 11 of the Federal Rules of Criminal Procedure incident to the taking of Defendant's plea. Ord., ECF No. 23. However, shortly thereafter, Defendant declined to plead guilty to the charges set forth in the Indictment.

On February 21, 2013, the Government filed a Superseding Indictment charging Defendant with: (1) Count One, Conspiracy to Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 846; (2) Count Two, Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1); Count Three, False Statement, in violation of 18 U.S.C. § 1001; and (4) Count Four, Aggravated Identity Theft, in violation of 18 U.S.C. § 1028(a)(1). Sup. Indictment, ECF No. 26.

On March 10, 2013, Defendant's original counsel—Keith Kimball of the Office of the Federal Public Defender ("OFPD")—filed a Motion to Withdraw. Mr. Kimball's Motion stated that another client of the OFPD allegedly has incriminating information about Defendant and desired to testify on the Government's behalf. The Court held a hearing concerning the Motion to Withdraw on March 19, 2013. See Min. Entry, ECF No. 32. On March 25, 2013, the Court issued an Order granting Mr. Kimball's Motion to Withdraw due to a concurrent conflict-of-interest and appointing Crystina Marie O'Brien as substitute counsel. Ord., ECF No. 33.

On April 10, 2013, the Government filed a Second Superseding Indictment. ECF No. 39. The Second Superseding Indictment charges Defendant with the same conduct set forth in the

First Superseding Indictment, but further charges a co-defendant with Count One, Conspiracy to Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 846.

On June 7, 2013, Defendant filed the instant Motion to Renew. ECF No. 62. The Government filed a Response to that Motion on July 26, 2013. ECF No. 67. On August 25, 2013, Defendant filed a Stipulation of Facts relating to his Motion to Renew. ECF No. 68.

## II. DEFENDANT'S MOTION TO RENEW ORIGINAL MOTION TO SUPPRESS BASED UPON THE EFFECT OF THE SUPERSEDING INDICTMENT

Defendant's Motion to Renew states that the charges set forth in the First Superseding Indictment, ECF No. 26, and Second Superseding Indictment, ECF No. 39, rely upon substantially the same evidence Defendant sought to suppress by his Original Motion to Suppress, ECF No. 17. Defendant's Motion to Renew "is merely seeking to ensure that this motion [Original Motion to Suppress] and argument are preserved for appeal." Def.'s Renewed Mot. to Supp., ECF No. 62.

On July 26, 2013, the Government filed a Response to Defendant's Motion to Renew. ECF No. 67. The Government's Response provides that "[t]he United States does not believe there have been any changes to the facts of this case or the law surrounding the previously raised issues that require the Court to revisit its Order denying the Defendant's previously litigated Motion to Suppress." Gov.'s Resp. to Def.'s Mot. to Renew 4, ECF No. 67. Similarly, on August 25, 2013, Defendant filed a Stipulation of Facts with respect to his Motion to Renew. ECF No. 68. That Stipulation of Facts provides that "the facts developed in the motion hearing on February 12, 2013, regarding . . . [Defendant's] original motion to suppress . . . were the same facts and arguments that would be established at a new hearing, if one was to be held." Def.'s Stip. of Facts 1, ECF No. 68. Defendant's Stipulation further explains that he "is merely requesting that the circumstances and argument be extended to the additional counts in the

3

subsequent, superseding indictment." Def.'s Stip. of Facts 1, ECF No. 68. Therefore, "Defendant concedes that for the purpose of preserving . . . [his] legal basis for appeal and to avoid the duplication of effort in re-litigating the same circumstances, the Court can consider the transcript of the February 12, 2013 hearing in ruling on the pending" Motion to Renew. Def.'s Stip. of Facts 1, ECF No. 68.

Defendant's Motion is well-taken, and the Court hereby **GRANTS** Defendant's Motion to Renew. ECF No. 62. Both Defendant and the Government have, however, stipulated that the facts developed during the Court's consideration of the Original Motion to Suppress would govern its consideration of the Renewed Motion to Suppress. Therefore, further hearing or argument on the Renewed Motion to Suppress is not necessary. For the reasons set forth in its February 19, 2013 Opinion and Order denying Defendant's Original Motion to Suppress, ECF No. 24, the Court hereby **DENIES** Defendant's Renewed Motion to Suppress, ECF No. 62.

### III. CONCLUSION

For the reasons set forth herein, the Court: (1) **GRANTS** Defendant's Motion to file a Renewed Motion to Suppress, ECF No. 62; and (2) **DENIES** Defendant's Renewed Motion to Suppress, ECF No. 62. The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to all Counsel of Record.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, VA
August 27, 2013